UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

| | |
|---|---|
| LEON JOHN SIESS,<br><br>      Petitioner,<br><br>vs.<br><br>STATE OF SOUTH DAKOTA,<br><br>      Respondent. | 4:25-CV-04230-KES<br><br>ORDER REJECTING THE REPORT AND RECOMMENDATION AND DIRECTING SERVICE |

  Petitioner, Leon John Siess, filed a habeas petition pursuant to 28 U.S.C. § 2241.[1] Docket 1. Siess, an inmate at the Minnehaha County Jail, seeks relief on multiple grounds including an alleged violation of his Sixth Amendment right to a speedy trial. *Id.* at 6–7. The matter was referred to a United States Magistrate Judge under 28 U.S.C. § 636(b)(1)(B) and the District of South Dakota's Civil Local Rule of Practice 72.1.A.2(b), which designate to the magistrate judge the duty to prepare proposed findings and recommendations for the disposition of habeas petitions. After screening Siess's petition pursuant to Rule 4 of the Rules Governing 2254 Cases, the magistrate judge

---

[1] Siess completed a "Petition for Writ of Habeas Corpus by a Person in State Custody Pursuant to 28 U.S.C. § 2254" form, Docket 1, but Siess is a state pretrial detainee, *id.* at 7; *see also* Docket 6 at 2. The magistrate judge properly construed Siess's petition "under 28 U.S.C. § 2241 since he is contesting his pretrial detention, not a state court conviction." Docket 6 at 1; *see also Walck v. Edmondson*, 472 F.3d 1227, 1235 (10th Cir. 2007) ("a state court defendant attacking his pretrial detention should bring a habeas petition pursuant to the general grant of habeas authority contained within 28 U.S.C. § 2241"); 28 U.S.C. § 2241(c)(3).

recommended that Siess's petition be dismissed without prejudice to allow him to exhaust his claims in state court. Docket 6 at 3. Siess did not object to the magistrate judge's report and recommendation, but he filed a timely "Motion in Request to Stay[.]" Docket 9.

## DISCUSSION AND ANALYSIS

The court's review of a magistrate judge's report and recommendation is governed by 28 U.S.C. § 636(b)(1). The court reviews de novo any objections to the magistrate judge's recommendations as to dispositive matters that are timely made and specific. 28 U.S.C. § 636(b)(1); *Thompson v. Nix*, 897 F.2d 356, 357–58 (8th Cir. 1990) (per curiam). In conducting its de novo review, this court may then "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

Section 2241 does not impose an exhaustion requirement, but federal courts generally require petitioners to exhaust state remedies before seeking federal relief. *Sacco v. Falke*, 649 F.2d 634, 635–36 (8th Cir. 1981) (citing *Ex parte Royall*, 117 U.S. 241 (1886)). "[F]ederal habeas corpus does not lie, absent 'special circumstances,' to adjudicate the merits of an affirmative defense to a state criminal charge prior to a judgment of conviction by a state court." *Braden v. 30th Jud. Cir. Ct. of Ky.*, 410 U.S. 484, 489 (1973) (quoting *Royall*, 117 U.S. at 253). If the issues raised in the petition can be resolved either by trial on the merits in the state court or other available state procedures, federal relief is unavailable. *Sacco*, 649 F.2d at 636. But a petitioner can avoid exhausting state remedies by demonstrating special

2

circumstances. *Braden*, 410 U.S. at 489–91. Siess raises a Sixth Amendment speedy trial claim,[2] *see* Docket 1 at 6–7, which is a claim that could establish "special circumstances," *Braden*, 410 U.S. at 489.

Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts provides that a district court must summarily dismiss a habeas petition if it plainly appears that the petitioner is not entitled to relief. Rule 4 of the Rules Governing § 2254 Cases. Rule 4 also applies to habeas petitions arising under 28 U.S.C. § 2241. *See* Rule 1(b) of the Rules Governing § 2254 Cases (stating that the "district court may apply any or all of these rules to a habeas corpus petition not covered by Rule 1(a)"). Here, it does not plainly appear that Siess is not entitled to relief because he has not exhausted his state remedies. After concluding that Siess had not exhausted his state remedies, the magistrate judge did not consider whether there are "special circumstances" that excuse him from doing so. For this reason, the report and recommendation, Docket 6, is rejected.

Thus, it is ORDERED:

1. That the magistrate judge's report and recommendation (Docket 6) is rejected.

---

[2] In addition to asserting a Sixth Amendment speedy trial claim, *see* Docket 1 at 6–7, Siess also alleges a violation of SDCL § 23A-44-5.1. Federal courts do "not have jurisdiction under 28 U.S.C. § 2241 . . . to issue a writ of habeas corpus for violation of state law by state authorities." *Cain v. Petrovsky*, 798 F.2d 1194, 1195 (8th Cir. 1986)).

3

2. That the Clerk of Court shall serve upon the South Dakota Attorney General and the Minnehaha County State's Attorney[3] a copy of the petition and attachments (Docket 1, Docket 1-1), the report and recommendation (Docket 6), Siess's motion to stay (Docket 9), and this order.

3. That within 21 days after service the South Dakota Attorney General or the Minnehaha County State's Attorney is directed to file a response to the petition or a motion to dismiss. The response should address whether Siess has demonstrated "special circumstances" that do not require that he exhaust state remedies.

4. That within 21 days after service of the response, Siess may file a reply.

DATED January 30, 2026.

BY THE COURT:

/s/ *Karen E. Schreier*
KAREN E. SCHREIER
UNITED STATES DISTRICT JUDGE

---

[3] Because Siess is a pretrial detainee in the custody of Minnehaha County awaiting trial on state criminal charges, Mike Mattson, the Warden of the Minnehaha County Jail, is the proper respondent. "Whenever a § 2241 habeas petitioner seeks to challenge his present physical custody within the United States, he should name his warden as respondent and file the petition in the district of confinement." *Rumsfeld v. Padilla*, 542 U.S. 426, 447 (2004); *see also* 28 U.S.C. § 2242.