UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

| | |
|---|---|
| LEON JOHN SIESS,<br><br>               Petitioner,<br><br>   vs.<br><br>MIKE MATTSON, Warden, Minnehaha<br>County Jail,<br><br>               Respondent. | 4:25-CV-04230-KES<br><br>ORDER DENYING PETITIONER'S<br>MOTION FOR TEMPORARY<br>RESTRAINING ORDER |

Petitioner, Leon John Siess, filed a habeas petition pursuant to 28 U.S.C. § 2241.[1] Docket 1. At the time he filed the habeas petition seeking relief on multiple grounds, including an alleged violation of his Sixth Amendment right to a speedy trial, Siess was a pretrial detainee. *Id.* at 6–7. Siess's state criminal trial took place from January 8, 2026, until January 20, 2026, in Minnehaha County, South Dakota. Docket 18 at 8; CR 7849 at 380, 867.[2]

---

[1] Siess completed a "Petition for Writ of Habeas Corpus by a Person in State Custody Pursuant to 28 U.S.C. § 2254" form, Docket 1, but because Siess was a state pretrial detainee, *id.* at 7; *see also* Docket 6 at 2, the magistrate judge properly construed Siess's petition "under 28 U.S.C. § 2241 since he [wa]s contesting his pretrial detention, not a state court conviction." Docket 6 at 1; *see also Walck v. Edmondson*, 472 F.3d 1227, 1235 (10th Cir. 2007) ("a state court defendant attacking his pretrial detention should bring a habeas petition pursuant to the general grant of habeas authority contained within 28 U.S.C. § 2241"); 28 U.S.C. § 2241(c)(3).

[2] Documents from Siess's state criminal case, *State of South Dakota v. Leon John Siess*, 49 CRI24-007849 (S.D. 2d Cir. Minnehaha Cnty.), will be cited using the file's assigned page number preceded by "CR 7849." The court takes judicial notice of the documents contained in Siess's criminal case. *Stutzka v. McCarville*, 420 F.3d 757, 760 n.2 (8th Cir. 2005) (recognizing that a court may take judicial notice of public records); *see also* Fed. R. Evid. 201.

On January 20, 2026, the jury returned a verdict finding Siess guilty of five counts of first degree rape, one count of fourth degree rape, one count of second degree rape, one count of first degree human trafficking, and two counts of sexual contact with a child under sixteen. CR 7849 at 865–67. Following the trial, Siess is being held in the Minnehaha County Jail awaiting sentencing. Siess moves for a temporary restraining order staying all further action in his state criminal case until the court rules on the merits of his § 2241 petition. Docket 26 at 2.

The case or controversy requirement of Article III of the Constitution precludes federal courts from deciding moot issues. *Ali v. Cangemi*, 419 F.3d 722, 723–24 (8th Cir. 2005). The case or controversy requirement applies to habeas cases. *Spencer v. Kemna*, 523 U.S. 1, 7–8 (1998). When a pretrial detainee is convicted, his petition seeking relief under 28 U.S.C. § 2241 becomes moot. *Terry v. Ryals*, 2026 WL 546489, at *2 (E.D. Ark. Feb. 10, 2026), *report and recommendation adopted by* 2026 WL 544264 (E.D. Ark. Feb. 26, 2026) ("[U]pon [petitioner's] conviction . . . , he was no longer a pretrial detainee, and his § 2241 petition, though filed before his trial and conviction, became moot and no longer presented a live case or controversy."); *Williams v. Redington*, 2023 WL 2734217, at *3 (E.D. Mo. Mar. 31, 2023) ("Due to the limited focus of pretrial 28 U.S.C. § 2241 petitions, such petitions become moot upon petitioner's conviction."); *see also Jackson v. Clements*, 796 F.3d 841, 843 (7th Cir. 2015) (per curiam) (recognizing that once a defendant has been convicted of the crime giving rise to his pretrial detention, § 2241 claims

2

challenging his pretrial confinement become moot). Because Siess's § 2241 petition is now moot and no exceptions to mootness apply, his motion for a temporary restraining order staying further action in his state criminal case is denied. The court makes no findings on the merits of his claim that his Sixth Amendment right to a speedy trial has been violated.

After Siess's conviction, he filed an amended § 2241 petition. Docket 12. The court declines to recharacterize Siess's amended petition as a § 2254 petition. Before Siess may file a § 2254 petition related to his state court conviction, he must exhaust his available state remedies and "give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). Because the South Dakota Supreme Court has not considered the merits of Siess's claim that his Sixth Amendment right to a speedy trial has been violated,[3] if the court recharacterizes Siess's amended petition as a § 2254 petition, it would be subject to dismissal for failure to exhaust his claims in state court. 28 U.S.C. § 2254(b)(1)(A).

Thus, it is ORDERED that Siess's motion for a temporary restraining

---

[3] After the state trial judge denied Siess's motion to dismiss the indictment, Siess filed a petition for allowance of appeal from an intermediate order. CR 7849 at 363. The South Dakota Supreme Court denied Siess's petition, but stated that "the Court expresses no opinion as to the merits of the appeal." *Id.* Thus, the South Dakota Supreme Court has not considered the merits of the issues Siess raises in his § 2241 petition or amended petition.

order (Docket 26) is denied.

DATED April 3, 2026.

BY THE COURT:

/s/ *Karen E. Schreier*

KAREN E. SCHREIER
UNITED STATES DISTRICT JUDGE